UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rich Bobka, | ) | C/A No. 0:20-1495-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Warden, Estill Federal Prison Camp, | ) | |
| Estill, South Carolina, Michael Carvajal, | ) | |
| BOP Director | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |
| | ) | |
| Michael Bobka, *as Power of Attorney* | ) | C/A No. 0:20-1722-JFA-PJG |
| *in Fact for Richard Bobka*, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Warden, Estill Federal Prison Camp, | ) | |
| Estill, South Carolina; Federal BOP | ) | |
| Washington, D.C.; Michael Carvajal | ) | |
| Director, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |
| | ) | |
| Michael Bobka, *as Power of Attorney* | ) | C/A No. 0:20-1798-JFA-PJG |
| *in Fact for Richard Bobka*, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Warden, Estill Federal Prison Camp, | ) | |
| Estill, South Carolina; Federal BOP | ) | |
| SERO Atlanta, GA, J.A. Keller, Director | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

1

| | |
|---|---|
| Michael Bobka, *as Power of Attorney in Fact for Richard Bobka*, </br></br>    Petitioner,</br>v.</br></br>Warden, Estill Federal Prison Camp, Estill, South Carolina; President Trump, Mar-a-Lago, Palm Beach County, FL,</br></br>    Respondent. | C/A No. 0:20-1834-JFA-PJG |
| Michael Bobka, *as Power of Attorney in Fact for Richard Bobka*,</br></br>    Petitioner,</br>v.</br></br>Warden, Estill Federal Prison Camp, Estill, South Carolina; Honorable William Barr, U.S. Attorney, McLean, Virginia,</br></br>    Respondent. | C/A No. 0:20-1851-JFA-PJG |

## ORDER

The *pro se* petitioner, Rich Bobka, is a federal prisoner currently housed at the Federal Correctional Institution in Estill, South Carolina (FCI Estill). He brings these applications for writs of habeas corpus pursuant to 28 U.S.C. § 2241.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and

2

Recommendation (Report) and opines that the petitions should be summarily dismissed. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Magistrate Judge states that her Report addresses the matters in C/A No. 0:20-1495-JFA-PJG, but that the disposition in this case is dispositive of all of the other above captioned cases.[2] Those other cases are nearly identical actions that were filed in other United States District Courts and transferred to this District.

Petitioner was advised of his right to object to the Report, which was entered on the docket on August 3, 2020 (ECF No. 26).[3] On August 17, 2020, the petitioner filed his timely objections to the Report (ECF No. 29) and this matter is now ripe for review.

In her Order and Report, the Magistrate Judge explains the background of the petitioner and his pending case filings. The petitioner's brother, Michael Bobka, originally filed this action (C/A No. 0:20-1495) in this District on the defendant's behalf as his Attorney in Fact, purportedly because of the defendant's inability to file the action due to the conditions of his federal prison and the COVID-19 pandemic. The Magistrate Judge issued an order allowing the defendant's brother, Michael Bobka, to provide proof of his power of attorney status and obtain counsel. Michael Bobka did not respond to that order.

---

the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

[2] *See* C/A No. 0:20-1722-JFA-JPG; C/A No. 0:20-1798-JFA-PJG; C/A No. 0:20-1834-JFA-PJG; and C/A No. 0:20-1851-JFA-PJG.

[3] The petitioner filed objections only in C/A No. 0:20-1495-JFA-PJG, not the four other nearly identical actions.

As a result of his failure to respond to the court's order, the Magistrate Judge terminated Michael Bobka as the petitioner on June 25, 2020 because he is not the real party in interest, and directed the actual defendant, Rich Bobka, to file his own petition. Rich Bobka filed his new petition on July 30, 2020 (ECF No. 23). On August 2, 2020, he filed an emergency supplement to his "drastically incomplete § 2241" and requested an emergency order to consider newly raised issues (ECF No. 24). He sought an extension of time which the Magistrate Judge has ordered in footnote 1 of her Report be terminated as moot.

The Magistrate Judge has reviewed the petitions and supplemental petitions and concludes that they should be summarily dismissed.

## II. BACKGROUND

The petitioner was sentenced in 2012 in the United States District Court for the Middle District of Florida for wire fraud and conspiracy. He currently has an attorney in Florida who is representing him on his appeal of the Middle District of Florida court's denial of his motion for compassionate release under § 3582. The petitioner asserts that he suffers from a heart condition, regular chest pains, high blood pressure, and high cholesterol. He contends that these medical conditions place him at a significantly higher risk of serious illness or death from COVID-19. He also alleges that the prison medical staff at FCI Estill is either deliberately or intentionally indifferent to his health and well being.

The petitioner raises various claims regarding the conditions of his confinement which he believes increases his risk of serious illness or death from COVID-19. He complains that an F4 tornado struck the FCI Estill facility in April 2020 and that the conditions there are

substandard, quasi-dilapidated, and over staffed. He also complains that he receives only one hearty meal per day which is nutritionally inadequate. He states that there is visible black mold in the building. He suggests that the FCI Estill facility is grossly ill-equipped, trained or properly funded to monitor or treat the COVID-19 epidemic.

Petitioner asserts that he recently learned that he has had a medical condition for more than 13 months and that the staff at FCI Estill failed to inform him of such underlying heart condition which places him at further risk during the pandemic.

Finally, the petitioner claims that these prison conditions violate his civil rights under the Eighth Amendment. He requests that this court order the Bureau of Prisons (BOP) to move him to home confinement.

### III. LEGAL STANDARD

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews

portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id*. (*citing Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because the petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow the petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## IV.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Magistrate's Report.

The Magistrate Judge first raises the question of whether this court has jurisdiction over the petitioner's § 2241 petitions. She notes that a § 2241 petition is generally the proper method to challenge the computation or execution of a federal sentence. However, in this instance, the petitioner is challenging the conditions of his confinement and those claims are generally more properly brought in a non-habeas civil rights action [such as 42 U.S.C. § 1983.

In addition to his complaints of prison conditions, the petitioner seeks release to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. In response to the COVID-19 pandemic, the President signed the CARES Act into

law on March 27, 2020. Pub. L. 116-136, 134 Stat. 281, 516. § 12003(b)(2) of the Act gives the Director of the Federal Bureau of Prisons (BOP) authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP.

On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the court a role in determining those candidates. *See United States v. Caudle*, 740 F. Appx. 364, 365 (4th Cir. 2018) (noting that a district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

The Magistrate Judge notes that the petitioner recently filed a similar action in the Middle District of Florida where he was sentenced. There, he moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). However, that court denied the motion after finding that the petitioner failed to present any extraordinary or compelling circumstances to warrant compassionate release. He also failed to exhaust his administrative remedies as to some of the circumstances he sought to rely on. The Magistrate Judge is correct in advising that any motion under § 3582 must be filed in the district of the sentencing court.

In his objections to the Magistrate Judge's Report, the petitioner states that he believes there exists a heavy bias against him because of seriously flawed beliefs by the Middle District of Florida. He states that it is possible that the Middle District of Florida has

7

powerful and far reaching influence that is preventing him from the relief that would otherwise be considered by this court. He then contends that the Magistrate Judge has resisted his attempts to have these extreme circumstances heard.

Petitioner strongly objects to the Magistrate Judge's Report. He disputes that he failed to allege facts that are cognizable in this court; that he cannot challenge the conditions of his confinement through a § 2241 petition; and that this court cannot exercise its authority under the "Enlargement Provision."

As an initial matter, this court is sympathetic to the petitioner's health concerns brought about by COVID-19 and the fact that an EF4 tornado damaged the FCI Estill facility where he is now housed. He has served almost 75% of his sentence, has more than 78 months of programming, has a full time job outside the perimeter fence 30 hours per week, has a clear conduct record while at the BOP, is a former service member, and has the strong support of family members.

However, this court is simply without the authority to consider the petitioner's request for release under the CARES Act.

Moreover, as the Magistrate Judge correctly opines, challenges to conditions of confinement are generally made through a non-habeas civil rights action. *See Rodriguez v. Ratlege*, 715 Fed. Appx. 261, 266 (4th Cir. 2017) (finding that the petitioner's conditions of confinement claims were not properly raised in a § 2241 petition).

Finally, any claims for compassionate release under § 3582 must be made in the sentencing court which is the Middle District of Florida. The petitioner has failed to show

any error in the Magistrate Judge's conclusion and his objections are respectfully overruled.

## V. CONCLUSION

After carefully reviewing the applicable laws, the records in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendations filed in each of the captioned cases (C/A No. 0:20-1495-JFA-PJG; C/A No. 0:20-1722-JFA-JPG; C/A No. 0:20-1798-JFA-PJG; C/A No. 0:20-1834-JFA-PJG; and C/A No. 0:20-1851-JFA-PJG).

The petitions filed in each action are dismissed without prejudice and without requiring the respondents to file a return.

The petitioner's emergency motion to expedite filed in C/A No. 0:20-1495-JFA-PJG is now moot (ECF No. 33).

Further, because petitioner has failed to make a "substantial showing of the denial of constitutional right," a certificate of appealability is denied.[4]  28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

October 21, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."